IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROBERT ALAN WEIGEL,<br><br>      Plaintiff,<br><br>vs.<br><br>FACEBOOK,<br><br>      Defendant. | CV 18-17-BU-BMM-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

## I. <u>In Forma Pauperis Application</u>

Plaintiff Robert Weigel, appearing pro se, filed an application requesting leave to proceed in forma pauperis. He submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Weigel's application is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Weigel's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

1

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Weigel's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. <u>Background</u>

Weigel commenced this action challenging Defendant Facebook's alleged negligent conduct in harming Weigel's social life and his Facebook experience. He portrays himself as the "original internet evangelist" since 1986, and he states that for the last decade he has worked extensively developing a "social network" with friends and also with customers relative to an "electronic music repair" business he operates. But he complains Facebook has damaged his social presence.

Specifically, he state Facebook "gave the impression that I'm ignoring a potential wife and many others[,]" and as a result he has lost friends in his social network. (Doc. 2 at 4 of 7.) But Weigel does not provide further facts in support of that conclusory allegation.

Weigel further contends Facebook defrauded him through its alleged representations about its social media website. He asserts Facebook represented that it sought "to create a safe, family friendly environment" on its website platform. (Doc. 2 at 5 of 7.) But he alleges Facebook instead has created "a literal online gang of stalkers" working to deny him access to the social network of people he has worked 10 years to establish. (*Id*.) He complains that Facebook changed the operating environment of its platform so that it no longer safeguards against stalkers, bullies and others who manipulate Facebook to engage in a campaign of defamation, and who seek to remove friends from a person's social network. He believes that early on Facebook fraudulently captured an audience of subscribers, but then subjected "them to psychological abuse and thought manipulation" apparently inflicted by other Facebook users. (*Id*.) Facebook has allowed pornography and other unsavory activities to occur on its website, and Facebook does not provide a safe environment with high community standards as it originally represented to consumers.

Weigel further alleges Facebook has made fraudulent representations about him which have harmed his character. But he does not elaborate on the allegation to explain what those representations were.

Weigel contends Facebook's failures in its website platform and the social environment it has created have caused damage to his reputation, character, and his social network of friends, including a potential spouse. Therefore, he seeks monetary compensation for his damages.

III. <u>Discussion</u>

Because Weigel is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Weigel's pleading, on its face, at least asserts that the Court's jurisdiction over this case is predicated upon diversity of citizenship

4

jurisdiction. Federal law provides that the district courts have jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000[,]" and the civil action is between citizens of different States. 28 U.S.C. § 1332(a); *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). Weigel states he is a citizen of Montana, that Facebook is incorporated under the laws of California with its principal place of business is in California, and he alleges the amount in controversy is $175,000.

But under the circumstances of Weigel's allegations, for the reasons discussed the Court concludes his pleading is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as it is frivolous, and it does not present plausible, legitimate, or viable grounds relief.

The court retains discretion in determining whether a pleading is "frivolous." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A pleading is frivolous if it has no "arguable basis in law or fact." *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Additionally, the term "frivolous [...] embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. In considering whether a pleading is frivolous, the court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Rather, the

5

court may "pierce the veil of the complaint's factual allegations" and consider whether the allegations are "fanciful," "fantastic," or "delusional." *Denton*, 504 U.S. at 32-33.

> As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton*, 504 U.S. at 33.

Based on the forgoing legal authority, the Court finds that Weigel's allegations are "frivolous" as that term is defined above. The Court's summary of his allegations presented above reflects that his allegations are fanciful, delusional, or fantastic. In substance, Weigel perceives that his reputation, character, and social presence has been harmed by the way in which Facebook has operated it website platform and environment. Facebook has purportedly created a social environment that has permitted other Facebook users to cause harm to Weigel, and he alleges Facebook's negligence and fraudulent representations as to the wholesome nature of the platform are to blame. And while Weigel further suggests Facebook made adverse representations about him to others, he does not identify any specific representation about him made by Facebook.

Therefore, the Court concludes Weigel's allegations present irrational and wholly incredible claims. He presents no plausible underlying factual basis for his assertions, and his allegations appear to be based only on his delusional perception of events and circumstances relative to his experience with, and use of, the Facebook website. And in substance, Weigel's allegations suggest that any damage to his social presence was caused by other Facebook users, not Facebook itself.

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)); *Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008). But here, based on Weigel's frivolous allegations and his delusional perception of harm allegedly caused by Facebook, the Court finds that an amended pleading from Weigel would be futile. There exists no plausible basis in fact for the Court to grant him relief for negligence, fraud, or defamation. Therefore, it is unnecessary to give Weigel an opportunity to amend his pleading. *See Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008).

IV. Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that Weigel's

complaint be DISMISSED as frivolous under 28 U.S.C. § 1915(e).

DATED this 19th day of March, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge